## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOSE MIGUEL ALVEAR,

        Plaintiff,

    vs.                                                                      CIVIL NO. 99-1043 RLP/WWD

CHARLES KIRK, Officer in Charge
of Albuquerque Office of the Immigration
and Naturalization Service and LUIS
GARCIA, District Director of the El Paso
District of the Immigration and Naturalization
Service, in their official capacities,

        Defendants.

## **MEMORANDUM OPINION & ORDER**

THIS MATTER having come before the Court on the Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment **(Docket No. 13)**, the Court having read said motion, the memoranda in support of and in opposition to said motion and otherwise being fully advised, finds that the motion is well-taken and shall be **granted.**

## **INTRODUCTION**

Plaintiff, Dr. Jose Miguel Alvear, filed this action on September 16, 1999, seeking a *de novo* review of the Immigration and Naturalization Service's ("INS") denial of his application for naturalization. (Docket No. 1). Pursuant to 8 U.S.C. § 1421(c), this Court has jurisdiction to grant a *de novo* hearing on a denial of an application for naturalization.[1] Plaintiff is a medical doctor, an international lecturer and a researcher who was born in Ecuador and admitted to the United States as a permanent resident alien on January 28, 1971. Plaintiff submitted an application for naturalization

---

[1] The United States District Court where the applicant resides has jurisdiction to consider this action. Plaintiff's complaint alleges he resides within the jurisdiction of this Court.

to the Albuquerque office of the INS on August 13, 1997. The INS initially denied Plaintiff's application for naturalization on December 11, 1998 and later affirmed the denial following Plaintiff's administrative appeal. The INS denied Plaintiff's application on the basis that he did not meet the residency requirement pursuant to 8 U.S.C. § 1427. Defendants' motion relies upon the argument that Plaintiff cannot establish the residency requirement necessary to qualify for naturalized citizenship.

## DISCUSSION

The Court will consider Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, as a motion for summary judgment, since extrinsic evidence has been presented and considered by the Court. Fed.R.Civ.P. 12(b). Summary judgment is appropriate only in cases where, looking at the facts in the light most favorable to the non-moving party, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Handy v. Price,* 996 F.2d 1064, 1066 (10th Cir. 1993); Fed.R.Civ.P. 56. The moving party always has the burden of persuasion on a motion for summary judgment. This party bears the burden of establishing that no genuine issue exists as to any material fact. *National Union Fire Insurance Co. v. Emhart Corp.,* 11 F.3d 1524, 1528 (10th Cir. 1993). This *prima facie* burden is met simply by establishing an absence of evidence in support of a non-moving party's claims or defenses. *See Cleveland v. Policy Management Sys. Corp.,* 526 U.S. 795, 801 (1999); *Celotex Corp. v. Catrett,* 477 U.S. at 323. Once the movant meets its burden, the burden of going forward then shifts to the non-moving party to show that a genuine issue of material fact remains for the fact finder to resolve. *Thrifty Rent-A-Car Sys., Inc. v. Brown Flight Rental One Corp.,* 24 F.3d 1190, 1194 (10th Cir. 1994). Summary judgment is appropriate when the non-moving party is unable to

show a genuine issue as to a material fact on which that party will bear the burden at trial. *Nebraska v. Wyoming,* 507 U.S. 584, 590 (1993).

An applicant applying to be admitted as a citizen of the United States has the burden of proving that he has satisfied every requirement of citizenship, including the requirement of residence. 8 CFR § 316.2(b). An applicant for naturalization must meet certain residency requirements for citizenship. After an applicant has established a permanent resident alien status, the applicant must be able to show continuous residency in the United States for the five-year period immediately preceding the filing of the naturalization application. 8 U.S.C. § 1427(a).

The statute outlines the residency requirements as follows:

> "No person. . .shall be naturalized unless. . .(1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years and during the five years immediately preceding the date of filing his application has been physically present therein for periods totaling at least half of that time, and who has resided within the State or within the district of the Service in the United States in which the applicant filed the application for at least three months. . ."

Hence, the plain meaning of the statutory residency requirement mandates that an applicant must <u>reside</u> in the United States for five years before filing an application for citizenship and must be physically present in the United States for two and a half years. Although absence from the United States during the five-year period is authorized, the statute also addresses absences. An applicant cannot be absent from the United States for more than six months without having to prove he or she did not abandon their residence. 8 U.S.C. § 1427(b). With this statutory background in mind, the United States opposes Plaintiff's application for naturalized citizenship on the basis that he did not meet this residency requirement. Defendants maintain that although Plaintiff was admitted to the

United States as a permanent resident in 1971, he subsequently moved back to his hometown of Quito, Ecuador in 1980. The basis for Defendants' position is taken from Plaintiff's sworn statement of June 11, 1999.[2] Based upon this sworn testimony, Defendants concluded Plaintiff abandoned his residence in the United States and was, therefore, not eligible for naturalization.[3]

Plaintiff's response is twofold. First, Plaintiff seems to argue that 8 U.S.C. § 1421(c) contemplates a full *de novo* evidentiary hearing and that this type of case would not be subject to dismissal prior to an evidentiary hearing.[4] Secondly, Plaintiff claims he met the residency requirement and supplemented the record with a lengthy declaration in an effort to establish this fact.

**Applicability of Rules 12 and 56 of the Federal Rules of Civil Procedure.**

Rule 1 of the Federal Rules of Civil Procedure implements Article 3, § 2 of the Constitution of the United States which extends the judicial power of the United States "to all Cases in Law and Equity, arising out of this Constitution, the Laws of the United States, and [its] Treaties. . ." *Vodusek v. Bayliner Marine Corp.,* 71 F.3d 148, 153 n.2 (4th Cir. 1995). In pertinent part, Rule 1 states:

> "These rules govern the procedure in the United States District Courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exceptions stated in Rule 81." Rule 1 Fed.R.Civ.P.

Although Fed.R.Civ.P. 81 sets forth many exceptions, the Rule specifically addresses the applicability

---

[2] This statement was taken by Larry L. Pinkerton, INS District Adjudications Officer, during Plaintiff's appeal of his initial denial of citizenship. Plaintiff stated that he lived in Ecuador from 1980 to 1997 and during this time frame he returned to the United States about one or two times a year for one or two months to lecture or to do research.

[3] The final written decision of the INS is set forth in a letter to Plaintiff from Luis Garcia, District Director, dated August 11, 1999.

[4] In other words, Fed.R.Civ.P. 12 and 56 would not apply to this type of case.

of the Federal Rules of Civil Procedure to citizenship proceedings.

> "These rules are applicable to proceedings for admission to citizenship. . ." Rule 81(a)(2) Fed.R.Civ.P.

Therefore, given the broad statement set forth in Rule 1 as well as the specific reference in Rule 81(a)(2) Fed.R.Civ.P., this Court concludes that Rules 12 and 56 Fed.R.Civ.P. govern *de novo* immigration proceedings pursuant to 8 U.S.C. § 1421(c).

**Residency Requirement for Naturalization.**

Plaintiff's declaration established the following facts for purposes of this motion:

1. He maintains his primary residence in the United States.

2. Two of his children from his first wife were born in New York and in Gallup, New Mexico in 1974 and 1976, respectively.

3. He purchased a home in Gallup, New Mexico and sold it in 1988 or 1989.

4. In 1994 he purchased property in Orlando, Florida.

5. His son, Miquel Patricio Alvear, resides in Albuquerque, New Mexico.

6. The total number of days he has spent in the United States during the five years preceding his application for naturalization exceeds 1,000 days.

7. He is typically in the United States four or five times a year for two to three months.

8. He currently resides at 6220 Indian School Road, N.E., Albuquerque, New Mexico.

Although Plaintiff established physical presence in the United States during the five year period preceding the date of his application, he does not establish the whereabouts of his <u>actual</u> residence. The statute clearly defines what is required to establish an actual residence.

> "The term 'residence' means the place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact, without regard to intent." 8 U.S.C. § 1101 (33).

Plaintiff states he currently resides at the Indian School Road address but does not indicate for how

long and the record is devoid of any other information about his actual physical residence. Hence, there is no proof in the record of Plaintiff's actual physical residency during the five year period preceding the date of the application for naturalization. Plaintiff has simply failed to present any evidence of residence, or his actual principal dwelling place in the United States during the five year period prior to filing his application for naturalization. Therefore, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment is granted.

    **IT IS SO ORDERED.**

RICHARD L. PUGLISI
United States Magistrate Judge
Sitting by designation

Jan Elizabeth Mitchell, Esquire - Attorney for Defendants
Sarah Reinhardt, Esquire - Attorney for Plaintiff